Opinion of the Court, by
Judge Owsley.
THIS is a writ of error, brought to reverse a judgment of the court below, rendered in favor of Huston, in an action of trespass prosecuted by him in that court against Gilbert. Gilbert, who was defendant in that court, admitted the taking of the property complained of; but attempted to justify the taking, under a distress made by him as of Ohio county, in virtue of an order of the court of that county, laying a levy, made at their November term 1814.
As Huston was one of those who, by the order, was subjected to the payment of the levy, it becomes material to enquire whether that order formed a sufficient authority for the sheriff to make distress. The solution of this inquiry turns upon the competency of *224 the court by whom the order was made, to lay the levy; for if the court possessed competent jurisdiction, however erroneously it may have been exercised, it will not be denied but what the officer was bound to make and account for the collection of the levy, and for that purpose was authorised to make distress; but if the court were incompetent to lay the levy, it is equally clear that their order can have imposed no obligation upon the sheriff, and consequently, cannot justify his taking the property of any other person.
A man who has been commissioned as a county court justice, and has acted as such, shall be presumed to have taken the oath against duelling.
The recommendation by the county court, of a person as a member of their body, as a proper person to fill the office of sheriff, is not evidence against persons not parties to such order, that he was a justice at that time.
In determining upon the jurisdiction of the court, it is important to ascertain, not only the number of justice who composed the court, but the number in commission at that time for Ohio county; for as the law requires the county levy to be laid by a majority, at least, of the justice of the county, any less number, although they may constitute a court for a different purpose, they have no jurisdiction in the case of a levy; and any act made by them in relation to that subject, is merely void, and of no greater operation than if made by the circuit court, or any other court whatever.
The number of justices required to constitute a court for laying a levy, should not, as was contended in argument, consist of a majority of those only who may at some time have actually taken their seats as judges in court; but as all those who have been commissioned, and manifested their acceptance by taking the necessary oaths of office, are, ex officio, justices of the county court, a majority of such persons, and who, at the time of making the levy, continue to hold their office, should compose the court.
By the record in this case, nine justices appear to have been present when the levy in question was laid; and on the trial in the court below, evidence was introduced to nine others were then in commission. But it is contended, that because evidence was not produced to show one of the latter number had taken the oath against duelling, he cannot be denominated a justice of the county court. This objection cannot, however, be admitted to prevail; for as his commission, together with a record of his having sat in court previous to the making the levy, was produced upon the trial, he must, prima facie at least, be presumed to have conformed to the necessary requisitions, in taking the proper oaths.
*225 It is also objected, that because one other of those justices appears to have neglected the duties of his office for the space of six months in succession, his office should be considered forfeited. This objection seems to have been taken upon the supposition that there exists some statute of this country declaring a forfeiture in such a case; but we have been unable to find any such, and it is confidently believed none such exists.
An offer was made, during the progress of the trial, to prove, by parol evidence, that Thompson, one of the absent justices, had, previous to laying the levy, made his resignation in writing, and sent it to the county court; and although proof was also tendered, to show the resignation was not in the office of the court, that court, because it appeared that Thompson had been recommended by an order of the county court, in consequence of his being a justice, as a fit person to fill the office of sheriff, rejected the evidence. The evidence, it is presumed, was excluded upon the supposition that the order of the county court was conclusive to show that Thompson at that time was a justice of the peace. As it was the duty of the county court to recommend some of their own body to the office of sheriff, that order is conclusive to prove that the court at that time supposed Thompson was a justice of the peace; but as Gilbert was neither party nor privy to that order, to conclude him thereby from an inquiry into the fact, would be, not only manifestly unjust, but a palpable violation of the settled principles of law. Were justices of the peace compelled to resign to the county court, and were the acceptance of the resignation by the court necessary to produce a vacancy in the office, then, it would be admitted, the order of the court recommending Thompson to the office of sheriff, would have shown the court had not, at that time, accepted his resignation as a justice, and consequently, conclusive to prove that he was then a justice of the peace. But, according to the constitution and laws of this country, justices of the peace are not, contrary to their own desires, bound to hold the office until their resignation may be accepted by the county court. It is the duty of the county court, upon being informed of a vacancy, to recommend a proper person, for the purpose of enabling the executive to commission him; but the power of the court is preparatory to filling a vacancy only, and can *226 not, in any case, be exercised in preventing it. The office may at any time be vacated by the voluntary resignation of the justice; and the vacancy must be supposed to commence immediately from the date of the resignation, and not suspended until the county court may think proper to accept it. As, therefore, the office of Thompson may have been vacated before the order of the county court was made, Gilbert should not, by reason thereof, have been precluded from introducing parol evidence to show that Thompson had, before the levy was laid, resigned his office.
Because, therefore, the evidence was excluded, the judgment of the court below is erroneous, and must be reversed with costs; the cause remanded, and further proceedings had, not inconsistent with this opinion.